UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SARAH MAXWELL,

        Plaintiff,

vs.                                                                 Case No.  3:05-cv-1056-J-32MCR

HEALTH CENTER OF LAKE CITY, INC.,

        Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the Amended Motion to Quash and/or Motion for Protective Order (Doc. 16) filed by Plaintiff on May 10, 2006.  Defendant filed its response to the motion on May 19, 2006 (Doc. 19).  Accordingly, the motion is now ripe.

I.    **BACKGROUND**

This is an action alleging race discrimination, racial harassment, and retaliation in violation of the Civil Rights Act of 1886, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et seq.,* and Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq.*, and alleging unlawful discrimination and retaliation in violation of the Florida Civil Rights Act of 1992, Fla. Stat. 760, *et seq.,* and Fla. Sta. 440.205, respectively.  (Doc. 10). Plaintiff seeks relief in the form of economic damages, back pay, front pay, compensatory and emotional distress damages, injunctive relief, prejudgment interest, reimbursement for attorney's fees and costs, punitive damages and any other relief the

court deems just and appropriate. Id. On February 10, 2006, the Court entered a scheduling order setting the discovery deadline for September 15, 2006. (Doc. 11). The parties are currently engaged in the discovery process and on April 25, 2006, Defendant served Plaintiff with a Notice of Production from Non-Party with attached subpoenas directed to six employers with whom Plaintiff was previously employed prior to working for Defendant. (Doc. 16, pp. 1-2).

The proposed subpoenas request Plaintiff's entire personnel file from each of these prior employers. (Doc. 16, Ex. 2). Plaintiff objected to the Notice of Production from Non-Party by filing this Motion. On May 10, 2006, this Court asked Defendant to refrain from serving the subpoenas, if it had not already done so, until this issue is resolved. (Doc. 15). On May 19, 2006, Defendant filed its opposition to Plaintiff's motion and stated that it had not yet served the subpoenas and it would not issue them until a ruling has been made by this Court. (Doc. 19, p. 2, fn. 2).

In the instant motion, Plaintiff asks the Court to either quash the subpoenas or enter a protective order because the Defendant is seeking to discover evidence that is not admissible nor reasonably calculated to lead to the discovery of admissible evidence. (Doc. 16). Additionally, Plaintiff argues Defendant is embarking on an unlawful fishing expedition in an effort to discover evidence of wrongful conduct on the part of Plaintiff. Id. Defendant, on the other hand, claims that the personnel files are relevant to the issues at hand. (Doc. 19). Specifically, it argues, the subpoenas are "reasonably calculated to lead to admissible evidence as to work history, wage history, prior complaints of the nature Plaintiff is alleging against Defendant, and medical

information relevant to Plaintiff's alleged damages for emotional distress." (Doc. 19, p. 6). Defendant further states that in addition to seeking relevant evidence pertaining to the aforementioned topics, it is possible that discovery of the Plaintiff's personnel files may lead to after acquired evidence. Id.

## II. ANALYSIS

Plaintiff brings her motion pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure. As such, the Court will briefly discuss each Rule.

### A. Fed. R. Civ. P. 45

Ordinarily a party does not have standing to quash a subpoena served on a third party[1] unless the party seeks to quash based on a personal right or privilege relating to the documents being sought. See State of Fla. ex rel. Butterworth v. Jones Chemicals, Inc., 1993 WL 388645 at *2 (M.D.Fla. 1993) ("[g]enerally, it is the person to whom a subpoena is directed who has standing to seek a motion to quash"); Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 555 n. 3 (N.D.Ga. 2001) ("a party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed'"). Here, Plaintiff argues that she is asserting a personal right in that Defendant is seeking her personnel files, which are by their very nature confidential, from six of her prior employers.

"Personnel files and records and [sic] are confidential in nature and . . . in most circumstances, they should be protected from wide dissemination. Williams v. Board of

---

[1] Defendant inadvertently cited to the Florida Rules of Civil Procedure in its Notice of Production from Non-Party, however, Defendant recognizes that this was a technical error and if given the opportunity, it would correct the mistake and issue the subpoenas for non-party pursuant to Fed. R. Civ. P. 45.

County Comm'rs, No. Civ. A. 98-2485-JTM, 2000 WL 133433, at *1 (D. Kan. Jan. 21, 2000) (citations omitted). When, however, a Plaintiff brings a claim for discrimination and seeks damages for emotional distress, Plaintiff may have waived some of her privacy interests. See e.g., Brady v. Central Indiana Regional Blood Center, No. 1:99-MC-19, 1999 WL 33912610, *1 (N.D. Ind. Oct. 6, 1999) (stating that by bringing a Title VII claim of harassment or retaliatory discharge, the plaintiff waives most of her privacy interests). While it is arguable that Plaintiff has standing to object to the non-party subpoenas based on her personal right regarding the materials subpoenaed, the Court notes that she may have waived such rights by the very nature of her allegations against Defendant.  Nevertheless, the Court does not need to decide whether Plaintiff has standing under Rule 45 at this time because Plaintiff also asserts Rule 26 as a basis for seeking a protective order. Because it is clear that Plaintiff has standing under Rule 26, the Court will analyze this motion pursuant to the applicable standards set forth by Rule 26.

### B.     Fed. R. Civ. P. 26

Rule 26(c) provides that "upon motion by a party. . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. " Fed. R. Civ. P. 26(c). The party seeking the protective order has the burden to demonstrate good cause. Id. In determining whether good cause exists, the federal courts have created their own balancing of interests approach. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001) ("Federal courts have

superimposed a balancing of interests approach for Rule 26's good cause requirement.") (citations omitted).  Thus, this Court must balance Defendant's interest in obtaining Plaintiff's personnel files against Plaintiff's interest in keeping the files confidential.  See id.  Moreover, since this matter concerns non-parties, the Court should also consider the interests of the non-parties and whether Defendant can obtain the information it requests from another source.

As noted above, Plaintiff argues that Defendant does not seek evidence which will be admissible or reasonably calculated to lead to the discovery of admissible evidence.   The scope of discovery is governed by Rule 26, which permits the parties to "obtain discovery regarding  any matter, not privileged, which is relevant to the subject claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  The term "relevant" should be "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case.'"  Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. at 430 (quoting, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)).

Courts have discretion, however, to limit discovery when such discovery is, *inter alia*, unreasonably cumulative or obtainable from some other source that is more convenient, less burdensome, or less expensive.  Fed. R. Civ. P. 26(b)(2).  Courts may also limit discovery in an effort to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c).

Here, Defendant is requesting Plaintiff's entire personnel files from six of her prior employers. Defendant claims that these documents may lead to admissible evidence in that they may lead to evidence of "Plaintiff's work history, wage history, prior complaints of the nature Plaintiff is alleging against Defendant, and medical information relevant to Plaintiff's alleged damages for emotional distress." (Doc. 19, p. 6).

The Court finds that while some of the documents in Plaintiff's personnel files may reasonably lead to admissible evidence, the blanket requests for her entire personnel file are overly broad. Consequently, the Court will grant Plaintiff's motion for a protective order and thus, Defendant is prohibited from seeking discovery pursuant to the subpoenas. Defendant may, however, redraft subpoenas which are more limited in scope and which appear to be reasonably calculated to lead to the discovery of admissible evidence. Because this Court finds some of the evidence Defendant seeks is potentially relevant, it will address each of Defendant's arguments pertaining to the relevancy of the evidence it seeks to discover, in an effort to assist the parties and prevent further disputes on these issues.

   **i. Prior Wage History & Damages**

Defendant seeks salary and payroll history from each of Plaintiff's previous employers and states that "such records will provide a basis for damages in indicating Plaintiff's prior wage history." (Doc. 19, p. 4). Defendant's reasoning, however, is defective. While a former employee's subsequent salary is relevant to the issue of mitigation of damages, Defendant has failed to show why her prior salary has any relevance to damages. See Graham v. Casey's General Stores, 206 F.R.D. 251, 255

(S.D. IN. 2002) (granting the plaintiff's motion to quash after finding that Defendant failed to show why salary information from a previous employer is in any way relevant to damages under a discrimination claim). The Court agrees with Plaintiff and finds that Plaintiff's records showing her prior wage history are not relevant to the issue of damages.[2]

      **ii.**    **Prior Work History**

Defendant also argues that Plaintiff's personnel files will help it identify Plaintiff's prior work history, including any periods of unemployment. (Doc. 19, p. 5). Again, Defendant offers no explanation as to why Plaintiff's prior work history is relevant to this matter. Moreover, and as Plaintiff points out, her prior performance at her previous jobs is not reasonably calculated to lead to admissible evidence because Fed. R. Evid. 404 would exclude such evidence. See Neuren v. Adduci, Mastiani, Meeks & Schill, 43 F.3d 1507, 1511(D.C. Cir. 1995) (holding that district court erred in admitting evidence of plaintiff's performance at a previous law firm because such evidence of a person's character was not admissible to prove Plaintiff acted in conformance therewith, under Fed. R. Evid. 404). Thus, this Court finds that documents showing Plaintiff's prior work history, including periods of unemployment, have no relevance on her performance or periods of unemployment during the time she was employed by Defendant. Moreover, Defendant fails to offer, and the Court cannot conjure, any additional likely explanations as to why such evidence could be relevant.

---

[2] As an aside, even if such records were relevant, Defendant has made no showing that these records could not be obtained directly from Plaintiff.

### iii.     Emotional Distress Claims

Defendant further contends that it should be allowed to obtain information relating to Plaintiff's health insurance and/or medical information which could lead to evidence directly related to Plaintiff's claims of emotional distress based upon her allegations against Defendant. (Doc. 19, p. 5). This Court agrees with Defendant that discovery of this type of evidence may in fact lead to admissible evidence, however, in an effort to spare third parties the expense and cost of responding to the subpoenas, the Court finds that Defendant ought to first attempt to obtain such evidence directly from Plaintiff pursuant to other available avenues under the Federal Rules of Civil Procedure. Importantly, Defendant has not stated that it has tried to obtain such information directly from Plaintiff through other means. The Court urges the parties to attempt to work out these discovery issues amongst themselves before taking the more intrusive step of subpoenaing non-parties. If they are unable to do so, Defendant is not prevented from redrafting subpoenas which are appropriately limited in scope.

### iv.     Prior Complaints of Racial Discrimination, Harassment or Allegations of a Hostile Work Environment

Defendant asserts that it also seeks evidence relating to any prior complaints of racial discrimination, harassment or allegations of hostile work environs that Plaintiff may have raised at any of her prior places of employment. (Doc. 19, p. 5). If Plaintiff has previously filed frivolous claims, such information could weigh on her credibility and may be compelling enough to admit at trial. See Graham v. Casey's General Stores, 206 F.R.D. at 256; see also Gastineau v. Fleet Mortg. Corp., 137 F.3d 490, (7th Cir.

1998) (holding that evidence that plaintiff had sued three of his former employers was admissible to show plaintiff's motive, state of mind, credibility, modus operandi, and to cast doubt on plaintiff's claim for emotional damages). Consequently, the Court finds that evidence relating to potential prior complaints of discrimination, harassment or allegations could be relevant and possibly admissible if the evidence shows such claims were frivolous.

### v. After Acquired Evidence

Finally, Defendant argues that Plaintiff's personnel files may provide information relevant to its after-acquired evidence defense. (Doc. 18, p. 5). While the Supreme Court has recognized that the after-acquired evidence defense can be used in certain instances to limit damages and remedies available, it also cautioned that employers should not, as a routine matter, undertake extensive discovery into an employee's background or performance to resist claims. McKennon v. Nashville Banner Pub. Co, 513 U.S. 352, 360-63, 115 S.Ct. 879 (1995).[3] In fact, various courts have applied the McKennon reasoning to hold that although the after-acquired evidence doctrine can be used to limit an employee's remedies based on evidence found during discovery, it should not be used to independently initiate discovery. See e.g., Premer v. Corestaff Services, L.P., 232 F.R.D. 692, 693 (M.D. Fla. 2005) (explaining that although the after-acquired evidence doctrine provides employers a mechanism to limit an employee's remedies based on evidence found during discovery, it should not be used as an

---

[3] Although the McKennon case involved allegations of violations of the ADEA, the Eleventh Circuit has held that the holding of McKennon is also applicable to claims brought under Title VII. Wallace v. Dunn Const. Co., Inc., 62 F.3d 374, 378 (11th Cir. 1995).

independent basis to initiate discovery"). Rather, Defendant must have some pre-existing basis to believe that after-acquired evidence exists before it can take on additional discovery . See Preston v. American Express Travel Related Servs. Co., Inc., Case No. 3:00cv312-J-25TJC (2001) (citing Naszke v. Federal Express Corp., 1996 U.S. Dist. LEXIS 1795 (N.D. Ill. 1996)) (relying on the after-acquired evidence doctrine in part when it allowed the defendant to reopen discovery after defendant had found evidence of a disciplinary memorandum addressed to plaintiff). The Court finds that Defendant has failed to assert any pre-existing basis for the belief that after-acquired evidence of Plaintiff's wrongdoing exists. As such, Plaintiff cannot use this doctrine to initiate discovery that is otherwise not relevant.

### III.   CONCLUSION

Defendants requests for Plaintiff's personnel files from six of her prior employers are overly broad**.** Some of the information contained in these files may, however, be relevant. Consequently, this Court will grant Plaintiff's motion for a protective order. The parties are encouraged to confer and attempt to agree on some of the issues Defendant seeks to discover. Moreover, Defendant should attempt to obtain as much of the evidence as possible directly from Plaintiff. If, after the parties confer, Defendant still seeks information which is not obtainable through Plaintiff, then it may redraft non-party subpoenas which are more limited in their scope. The Court cautions Defendant to avoid discovery requests that amount to mere fishing expeditions.

Accordingly, after due consideration, it is

**ORDERED**:

1.   Plaintiff's Amended Motion to Quash and/or Motion for Protective Order (Doc. 16) is **GRANTED**.

2.   Plaintiff's Motion to Quash and/or Motion for Protective Order (Doc. 14) is **DENIED** as Moot.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  6th  day of June, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party